Filed 11/9/21  P. v. Walker CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B310712 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA222258) |
| v. | |
| VANESSA WALKER, | |
| Defendant and Appellant. | |

THE COURT:

Defendant Vanessa Walker and her husband Ken Walker (Ken) were convicted of murdering defendant's mother, Nada Lazarevic (Nada) after Nada discovered that defendant and her husband used her name to incur over $50,000 in debt.  (*People v. Walker* (Jan. 14, 2005, B168784) [nonpub. opn.], pp. 2–8.)  The evidence against them included witness testimony that defendant and Ken were at Nada's house on the last day she was seen or heard from; items that seemingly belonged to Nada were found in defendant's car or home; defendant knew where Nada's missing vehicle was; and a statement from Nada's other daughter that

Nada wanted Ken and defendant to repay her for the debt incurred. (*Ibid.*)

Following trial, defendant was convicted of one count of second degree murder. Defendant admitted a prior conviction for voluntary manslaughter. The trial court sentenced her to a total term of 35 years to life in state prison. (*People v. Walker*, *supra*, B168784, at p. 2.)

On direct appeal, we affirmed the judgment. (*People v. Walker*, *supra*, B168784, at p. 1.)

On March 6, 2019, defendant, in pro. per., filed a petition for resentencing pursuant to Penal Code section 1170.95. Counsel was appointed to represent her.

The People opposed defendant's petition, arguing, inter alia, that defendant was ineligible for resentencing because she had not been convicted of second degree murder on either the felony murder or natural and probable consequences theory.

Defense counsel filed a reply to the People's response, arguing that because defendant averred in her petition the requisite elements establishing a prima facie showing for Penal Code section 1170.95 relief, the trial court should issue an order to show cause.

On January 11, 2021, the trial court summarily denied defendant's petition, finding her ineligible for relief because, based upon the facts set forth in our prior appellate opinion, defendant was convicted as either the actual killer or as an aider and abettor. The trial court further found that defendant was ineligible for relief because the jury had not been instructed on either felony murder or the natural and probable consequences doctrine.

Defendant filed a timely notice of appeal.

Appointed counsel filed a brief raising no issues and asking this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.

Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct an independent review for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, S264278; see *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)  However, we do review any contentions or arguments made if the defendant files his or her own supplemental brief or letter. (*People v. Cole*, *supra*, at p. 1039.)

On August 17, 2021, we notified defendant of her counsel's brief and gave her leave to file, within 30 days, her own brief or letter setting forth any grounds for appeal, contentions, or arguments she might wish to have considered.  To date, no such brief or letter has been filed.

Because neither defendant nor appellate counsel identified an issue warranting reversal, we dismiss the appeal as abandoned.  (*People v. Cole*, *supra*, 52 Cal.App.5th at p. 1040; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1135, review granted Mar. 17, 2021, S266853; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111, review granted May 12, 2021, S267870; but see *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when appointed counsel files a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 in an appeal from a summary denial of a Penal Code section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but it can and should do so in the interests of justice]; *People v. Gallo* (2020) 57 Cal.App.5th 594, 598 [same]; *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [same].)

3

**DISPOSITION**

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

ASHMANN-GERST, Acting P. J.   CHAVEZ, J.   HOFFSTADT, J.